

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-17-00804-CR

James **MCDONALD**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 175th Judicial District Court, Bexar County, Texas
Trial Court No. 2015CR12465
Honorable Catherine Torres-Stahl, Judge Presiding

PER CURIAM

Sitting:      Sandee Bryan Marion, Chief Justice
              Luz Elena D. Chapa, Justice
              Irene Rios, Justice

Delivered and Filed:  January 24, 2018

DISMISSED FOR LACK OF JURISDICTION

James McDonald entered into a plea bargain with the State, pursuant to which he pleaded nolo contendere to aggravated sexual assault of a child. The trial court imposed sentence in accordance with the agreement on October 11, 2017, and signed a certificate stating this "is a plea-bargain case, and the defendant has NO right of appeal." *See* TEX. R. APP. P. 25.2(a)(2). McDonald did not file a motion for new trial. Therefore, a notice of appeal was due November 10, 2017, or the notice and a motion for extension of time to file, were due fifteen days later on November 28, 2011. TEX. R. APP. P. 26.2(a)(1), 26.3. The envelope in which the notice of appeal was mailed to

this court bears a postmark of November 14, 2017 and also contains the following notation: "Processed Nov 13 2017 BCADC Mailroom Dept." McDonald did not file a motion for extension of time to file the notice of appeal. *See* TEX. R. APP. P. 26.3.

On December 14, 2017, we notified McDonald that the record raised an issue regarding our jurisdiction over the appeal. We ordered McDonald to file a response by January 3, 2018, showing the appeal was timely filed by mail. McDonald did not respond to our order.

The record before us reflects that the notice of appeal was not timely filed. We therefore lack jurisdiction to entertain the appeal. *See Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998) (holding that if appeal is not timely perfected, court of appeals does not obtain jurisdiction to address merits of appeal, and court may take no action other than to dismiss appeal; court may not suspend rules to alter time for perfecting appeal); *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996).[1]

PER CURIAM

DO NOT PUBLISH

---

[1] We note that the record also supports the trial court's certification that McDonald does not have a right to appeal. *See* TEX. R. APP. P. 25.2(d).